UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00316-FDW

| | | |
|---|---|---|
| KERRY ADAM SHINE, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| JOSH STEIN, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court upon initial review of Petitioner Kerry Adam Shine, Jr.'s pro se Petition for Writ of Habeas Corpus, 28 U.S.C. § 2254, filed June 1, 2017. (Pet. 15, Doc. No. 1.)

Petitioner is a prisoner of the State of North Carolina. Federal law requires that a petitioner seeking habeas review of his state conviction and/or sentence in federal district court pay a $5.00 filing fee or be granted leave by the court to proceed without prepayment of fees and costs. 28 U.S.C. §§ 1914, 1915. For those seeking indigent status, Rule 3(2) of the Rules Governing Section 2254 Cases in the United States District Courts requires a prisoner's habeas petition be accompanied by "a motion for leave to proceed in forma pauperis, the affidavit required by 28 U.S.C. § 1915, and a certificate from the warden or other appropriate officer of the place of confinement showing the amount of money or securities that the petitioner has in any account in the institution."

On June 12, 2017, the Clerk of Court mailed a notice of deficiency to Petitioner, alerting him that he was required to pay the $5.00 filing fee or file an application to proceed without prepayment of fees and affidavit of indigency. Petitioner was provided twenty-one (21) days to

1

comply (Doc. No. 2), which, as of the date of this Order, he has failed to do.  Accordingly, the Court will dismiss the habeas petition without prejudice to Petitioner's ability to refile it, along with the $5.00 filing fee or an application to proceed without prepayment of fees and affidavit of indigency.

**IT IS, THEREFORE, ORDERED** that:

1) The Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. No. 1) is **DISMISSED without prejudice**; and

2) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right.  28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: September 14, 2017

Frank D. Whitney
Chief United States District Judge